IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE COHEN, CB-9486,  )
    Petitioner,  )
)
v.  ) 2:16-cv-1295
)
JAY LANE, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Presently before the Court for disposition is respondents' Motion to Dismiss (ECF No.9). For the reasons set forth below, the motion will be granted, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Andre Cohen an inmate at the State Correctional Institution – Fayette has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Cohen is presently serving a life sentence imposed on May 17, 1993 following his conviction by a jury of criminal homicide at CP-02-CR-3563-1992 in the Court of Common Pleas of Allegheny County, Pennsylvania.

While the procedural background is lengthy and convoluted, in its November 10, 2015 Memorandum, the Superior Court citing the post-conviction court wrote:

> [Appellant] was convicted of second[-] degree murder and sentenced to life in prison. He was 19 years old at the time he committed the crime. His sentence was affirmed by [this Court] on September 4, 1996[.] A few months later, our state [S]upreme [C]ourt denied review. Two previous efforts at post-conviction relief were denied.

The Court then continued:

> On August 8, 2012, Appellant filed a *pro se* PCRA petition claiming his sentence for life without parole was unconstitutional in light of the United States Supreme Court decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012) [holding at p. 2460 "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"]…

***

> In an order file on January 8, 2015, the PCRA court denied relief. .. In its subsequent opinion … the trial court concluded that M**iller** was inapplicable to Appellant because that case held it unconstitutional to sentence juveniles to life imprisonment without the possibility of parole, but Appellant was 19 years-old when he committed the second-degree murder…
>
> **Miller** does not create a newly recognized constitutional right that can serve as the basis for relief for "those over the age of 18 at the time they commit murder." Here, Appellant was nineteen years old at the time he committed murder. Thus, **Miller** is inapplicable and cannot provide Appellant relief.[1]

The Pennsylvania Supreme Court denied allowance of appeal on March 23, 2016.[2]

On August 25, 2016 Cohen submitted a petition to this Court contending he is entitled to habeas corpus relief on the following grounds:

> [Denial] of equal protection based on the decision [in **Miller**] made retroactive by **Montgomery [v. Louisiana**, 136 S.Ct. 718,736 (2016)]**. Specifically he contends:
>
> Appellant's life sentence without the possibility of parole is unconstitutional under The Eighth Amendment of the United States Constitution as well as Article 1, Section 13 of the Pa. Constitution.
>
> Petitioner is entitled to equal protection in accords with the 14th Amendment of the United States [Constitution], because he is similarly situated to juvenile lifers.[3]

**Miller** was determined to be retroactive in **Montgomery** which was decided on January 25, 2016. Cohen sought to raise the **Miller** issue in his third post-conviction petition on August 8, 2012. That petitioner was rejected by the post-conviction and Superior Court which concluded that as a matter of law **Miller** was not applicable.

The problem with seeking to raise the **Miller** issue is that its holding is inapplicable to the petitioner since by his own admission he was "19 years old when he committed his crime of homicide " (ECF No. 15 p.1). This admission is supported by the record.[4]

---

[1] See; Exhibit 52 to the response at pp. 441-447 as replaced by ECF No. 16-1.
[2] See: Exhibit 55 to the response at pp.469-470.
[3] See: Petition at ¶12.
[4] See also: The Superior Court adopted the finding of the post-conviction court that at the time of the offense Cohen was over eighteen years of age and this factual conclusion is presumed correct here. 28 U.S.C. §2254(e)(1). In addition, the unredacted docket sheet reflects that the petitioner was born on March 17, 1972 and that the charged offense occurred on February 19, 1992 making him nineteen years of age at the time of the offense. https://ujsportal.pacourts.us. at CP-02-CR-3563-1992.

A Rule 12(b)(6) motion to dismiss is appropriate where it is alleged that the petition fails to state a claim upon which relief may be granted. That is "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Under the facts of the instant petition, there is no way that amendment will in any way change the fact that because petitioner was over the age of 18 at the time he committed the instant offense, he is not entitled to relief under **Miller.** For this reason, his conviction was not secured in any manner contrary to the laws of the United States as determined by the Supreme Court nor involved an improper implementation of those laws.

Accordingly, the instant motion will be granted, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: November 2, 2016     s/ Robert C. Mitchell
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE COHEN, CB-9486, )
    Petitioner, )
 )
    v. ) 2:16-cv-1295
 )
JAY LANE, et al., )
    Respondents. )

ORDER

AND NOW, this 2nd day of November, 2016, for the reasons set forth in the foregoing Memorandum, the defendants' Motion to Dismiss (ECF No.9) is GRANTED, and the petition of Andre Cohen for a writ of habeas corpus (ECF No. 1) is DISMISSED, and because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability is DENIED.

If the petitioner seeks to appeal this decision, he must do so within thirty (30) days by filing a notice of appeal pursuant to Rule 4(a), F.R.App.P.

s/ Robert C. Mitchell
United States Magistrate Judge